# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PRADO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DANIEL E. CUEVA,<br><br>　　　　Respondent. | Case No. 1:23-cv-01521-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Alejandro Prado is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition fails to state a cognizable federal habeas claim, the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

On December 5, 2021, Petitioner filed an application for authorization to file a second or successive 28 U.S.C. § 2254 petition and a proposed petition in the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit deemed the application unnecessary because Petitioner's claims regarding the denial of resentencing under California Penal Code § 1170.95 did not become ripe until after Petitioner's first § 2254 petition was denied. The Ninth Circuit directed the transfer of the petition to this Court. (ECF No. 1.)

///

In the petition, Petitioner challenges the state courts' denial of his petition for relief pursuant to Senate Bill 1437 and California Penal Code § 1170.95 on the merits in addition to the failure to appoint counsel at the petition hearing. (ECF No. 2 at 12–21.)[1]

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Here, Petitioner challenges the state courts' denial of his petition for relief pursuant to Senate Bill 1437, which "amended the Penal Code to modify accomplice liability for murder and the felony murder rule." People v. Gentile, 10 Cal. 5th 830, 841 (2020). "Specifically, Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" Id. at 842 (citation omitted). "[I]n addition to amending the substantive law of murder, Senate Bill 1437 provided a procedure for defendants with eligible murder convictions to petition to have their convictions vacated through the trial court." Id. at 847. "Under [California Penal Code] section 1170.95, a defendant may petition to have his or her conviction vacated when, among other conditions, the following apply: 'The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder' and '[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'" Gentile, 10 Cal. 5th at 847 (citations omitted).

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1       Petitioner challenges the denial of resentencing under Senate Bill 1437 on the basis that
2 the superior court erroneously determined, contrary to the record, that Petitioner was a "major
3 participant" in the crime charged. (ECF No. 2 at 18.) California Penal Code section 1170.95(c)
4 provides that the court shall "assess whether the petitioner has made 'a prima facie showing' for
5 relief." Lewis, 11 Cal. 5th at 973. "If the trial court determines that a prima facie showing for
6 relief has been made, the trial court issues an order to show cause, and then must hold a
7 hearing[.]" Id. (citing Cal. Penal Code § 1170.95(d)(1)). Here, the Tulare County Superior Court
8 denied Petitioner's petition, finding:

> Petitioner is not eligible for relief based on SB 1437 because he was not prosecuted and convicted of first degree murder based on the felony murder rule, or the natural and probable consequences murder rule, but rather on the theories of willful, deliberate, and premeditated murder, as well as the theory of drive-by murder. (*Chavez*, *supra*, at 384.) Drive-by murder is not an enumerated felony for purposes of the felony murder rule. (*Id.* at 386.) Assuming, for the sake of argument, that petitioner could overcome this initial hurdle, he would still not be eligible for relief, as the facts show that at a minimum he aided and abetted with the intent to kill, and was a major participant that acted with reckless indifference to human life, as required under the amended version of section 189. In affirming his conviction, the court of appeal stated in an unpublished portion of the decision:
>
> Based on the evidence here, there is no doubt that Prado and Guzman intended to kill. The jury's special-allegation findings of personal firearm use and infliction of great bodily injury on victims Ray and Shalisa remove any doubt on this point. As a result, the jury found that both Guzman and Prado, as shooters, were guilty of 'discharging a firearm from a motor vehicle, intentionally at another person or persons outside the vehicle with the intent to inflict death.'."

21 (ECF No. 2 at 26–27 (footnote omitted).)
22       By statute, federal courts "shall entertain an application for a writ of habeas corpus in
23 behalf of a person in custody pursuant to the judgment of a State court only on the ground that he
24 is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.
25 § 2254(a). Whether Petitioner is entitled to relief under Senate Bill 1437 is an issue of state law.
26 This Court must accept the state court's determination that Petitioner failed to make a *prima*
27 *facie* showing for relief. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's
28 interpretation of state law, including one announced on direct appeal of the challenged

3

1  conviction, binds a federal court sitting in habeas corpus."); Estelle v. McGuire, 502 U.S. 62, 67–
2  68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court
3  determinations on state-law questions."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)
4  ("We accept a state court's interpretation of state law, and alleged errors in the application of
5  state law are not cognizable in federal habeas corpus." (citation omitted)). Accordingly,
6  Petitioner fails to state a cognizable clam for federal habeas corpus relief.

7  Petitioner also challenges the state courts' failure to appoint counsel for the resentencing
8  proceedings. (ECF No. 2 at 19–20.) Senate Bill 1437 "created a purely statutory right to
9  counsel," People v. Lewis, 11 Cal. 5th 952, 973 (2021), but "[t]here is no [federal] constitutional
10 right to an attorney in state post-conviction proceedings," Coleman v. Thompson, 501 U.S. 722,
11 752 (1991). "Thus, the trial court's failure to appoint counsel . . . was state law error only,"
12 Lewis, 11 Cal. 5th at 973, and "federal habeas corpus relief does not lie for errors of state
13 law," Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Accordingly, Petitioner fails to state a
14 cognizable clam for federal habeas corpus relief.

## III.

## RECOMMENDATION & ORDER

17 Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for
18 writ of habeas corpus be DISMISSED.

19 Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to
20 the present matter.

21 This Findings and Recommendation is submitted to the assigned United States District
22 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
23 Rules of Practice for the United States District Court, Eastern District of California. Within
24 **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
25 written objections with the court and serve a copy on all parties. Such a document should be
26 captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
27 United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 30, 2023**         /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE